UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| R.P., | ) | Civil No. 08cv1657-L(NLS) |
| Plaintiff, | ) | |
| v. | ) | **ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND** |
| BOARD OF TRUSTEES OF THE VISTA UNIFIED SCHOOL DISTRICT, *et al.* | ) | |
| Defendants. | ) | |

On October 15, 2008 the court issued the Order Granting Motion to Proceed *in Forma Pauperis* and Order to Show Cause, directing Plaintiff to show cause why the complaint should not be dismissed for failure to state his name as required by Federal Rule of Civil Procedure 10(a), or in the alternative file an amended complaint in compliance with Rule 10(a). On October 21, 2008 Plaintiff filed a response to the order to show cause. For the reasons which follow, the complaint is **DISMISSED WITH LEAVE TO AMEND**.

Plaintiff, proceeding *pro se*, identified himself throughout his pleadings as R.P. He filed a complaint alleging that he is a disabled minority person and that two of his former high schools and individuals acting on behalf of the schools violated his constitutional and other rights. He has since left both Defendant institutions and is no longer a minor.

Plaintiff's use of initials to identify himself as the party plaintiff "runs afoul of the public's common law right if access to judicial proceedings, and Rule 10(a)'s command that the title of every complaint include the names of all the parties." *See Does I Through XXIII v.*

1  *Advanced Textile Corp.*, 214 F.3d 1058, 1067 (9th Cir. 2000) (internal citations and quotation
2  marks omitted). It also prejudices the opposing party's ability to investigate and respond to the
3  complaint. *See id.* at 1068. "As a general rule, the identity of the parties in any action . . .
4  should not be concealed except in the unusual case where there is a need for the cloak of
5  anonymity." *United States v. Stoterau*, 524 F.3d 988, 1012 (9th Cir. 2008) (internal citation and
6  quotation marks omitted). The need for anonymity is not apparent on the face of the complaint.

7  Courts permit the use of pseudonyms in the unusual cases where it is necessary to protect
8  a person from harassment, injury, ridicule or personal embarrassment. *United States v. Doe*, 655
9  F.2d 920, 922 n.1 (9th Cir. 1981). Where, as here, anonymity is used to shield a party from
10 retaliation, the court considers three factors in evaluating the need: "(1) the severity of the
11 threatened harm; (2) the reasonableness of the anonymous party's fears; and (3) the anonymous
12 party's vulnerability to such retaliation." *Advanced Textile Corp.*, 214 F.3d at 1068 (internal
13 citations omitted). "[A] party may preserve his or her anonymity in judicial proceedings in
14 special circumstances when the party's need for anonymity outweighs prejudice to the opposing
15 party and the public's interest of knowing the party's identity." *Id.*

16 In his response Plaintiff explains that anonymity is needed in his case because various
17 Defendants have retaliated against him for his mother's complaints about their allegedly
18 unconstitutional and unlawful conduct toward him, and that the acts of retaliation and
19 harassment continued after he had left Defendant schools, which caused him embarrassment,
20 damaged his personal property, and deprived him of a training program and employment.

21 The threatened harm includes spreading rumors about Plaintiff to deprive him of
22 educational and employment opportunities. This threat is common in actions alleging
23 constitutional violations against educational institutions or employers. *See, e.g., S. Methodist*
24 *Univ. Ass'n of Women Law Students v. Wynne & Jaffe*, 599 F.2d 707, 713 (5th Cir. 1979)
25 Nevertheless, in such cases anonymity is not granted as a matter of course. *See, e.g., id.* at 713
26 (alleging retaliation from current employers, prospective future employers and the bar that does
27 not like "lawyers who sue lawyers"). This case is therefore not unusual. Moreover, Plaintiff
28 / / / / /

does not state when after he left Defendant schools in 2002 these incidents took place. It is therefore not clear whether they are recent enough to be relevant.

Plaintiff also alleges incidents in 2007 when his property was stolen from his car and his car was vandalized. In addition, in May 2008 his car was damaged by an illegal pyrotechnic device while in his driveway. Plaintiff has provided no evidence linking these incidents to any Defendant or showing they were retaliatory to complaints about violations of his rights. It is therefore not clear whether these incidents are relevant to Plaintiff's request for anonymity in this action. Because it is not clear whether the incidents are relevant, Plaintiff has not shown the reasonableness of his fear that the incidents will recur if Defendants find out his identity as the party plaintiff in this action.

More importantly, Plaintiff can not show that anonymity is necessary because it appears that Defendants already know his identity. Plaintiff acknowledges it in his response. (*See* Response to Court Order for Plaintiff to Declare Why This Claim Was Filed in Anonymity at 4 ("There is no prejudice to Defendants in this case because Defendants are familiar with the issues in dispute and my mother has continuously asked defendants to draft policies . . ..").) In addition, it is apparent from the specificity of the allegations in the complaint that Defendants can easily identify Plaintiff. Although this weighs against a finding of prejudice to Defendants, it also brings into question Plaintiff's need for anonymity. The reason for Plaintiff's request is not protection from third parties or public embarrassment but from Defendants' retaliation. Because Defendants already know Plaintiff's identity, allowing Plaintiff to proceed anonymously would serve no purpose.

Finally, Plaintiff does not address the public's interest in knowing the identities of litigating parties. *See Advanced Textile Corp.*, 214 F.3d at 1068. "[I]dentifying the parties to the proceeding is an important dimension of publicness. The people have a right to know who is using their courts." *Stoterau*, 542 F.3d at 1013. The interest weighing in favor of open judicial proceedings outweighs the low value of anonymity in this case. *See id.* Accordingly, Plaintiff's request for anonymity is **DENIED**.

/ / / / /

The complaint is **DISMISSED** without prejudice.  Plaintiff is **GRANTED** fourteen calendar days' leave from the date this order is stamped "Filed" in which to file an amended complaint in compliance with Federal Rule of Civil Procedure 10(a).  Plaintiff's amended complaint must be complete in itself without reference to the superseded pleading.  *See* Civ. Local Rule 15.1.  Defendants not *individually* named and all claims not re-alleged in the amended complaint will be considered waived.  *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

**IT IS SO ORDERED**.

DATED:  October 28, 2008

_____
M. James Lorenz
United States District Court Judge

COPY TO:

HON. NITA L. STORMES
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL