UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RYAN PETERS, | Civil No. 08cv1657-L(NLS) |
| Plaintiff, | **ORDER GRANTING GUAYOME PARK ACADEMY CHARTER SCHOOL AND BOARD OF TRUSTEES OF GUAYOME PARK ACADEMY'S MOTION TO SET ASIDE DEFAULT** |
| v. | |
| BOARD OF TRUSTEES OF THE VISTA UNIFIED SCHOOL DISTRICT, *et al.* | |
| Defendants. | |

Defendants Guayome Park Academy, Incorporated, erroneously named as Guayome Park Academy Charter School, and Board of Trustees of Guayome Park Academy (collectively hereinafter referred to as the "Academy") filed a motion to set aside entry of default pursuant to Federal Rule of Civil Procedure 55(c). Plaintiff opposed the motion. For the reasons which follow, the motion is **GRANTED**.

Plaintiff, proceeding *pro se* and *in forma pauperis*, filed a complaint alleging, *inter alia*, several violations of his federal constitutional rights at the Academy and Vista Unified School District.[1] On November 17, 2008 proofs of service were filed as to the Academy. On December 5, 2008 Plaintiff filed a request for entry of default as provided by Rule 55(a), and default was entered on December 9. The Academy argues that default should be set aside because it was not

---

[1] Plaintiff has since then secured representation by counsel.

properly served and, in the alternative, because good cause exists for setting aside the entry of default.

By order filed November 4, 2008, the United States Marshals Service was directed to serve a copy of the operative complaint and summons upon Defendants as directed by Plaintiff. On November 17, 2008 the United States Marshals Service filed Process Receipts and Returns evidencing service of process on the Academy. (Doc. no. 21 & 22.)  Service was accomplished on November 14, 2008 by delivering a copy of the summons and the complaint on Dawn Voss, the Academy's Site Manager.  The Academy does not dispute it received a copy of the summons and the complaint, which it forwarded to its counsel on November 17, 2008.  (*See* Decl. of Patrick Herman.)

Rule 4(h)(1)(B) provides that a

> corporation, or a partnership or other unincorporated association that is subject to suit under a common name, must be served [] in a judicial district of the United States . . . by delivering a copy of the summons and of the complaint to an officer, a managing or general agent or any other agent authorized by appointment or by law to receive service of process . . ..

The Marshal personally delivered a copy of the summons and complaint to Ms. Voss.  The Academy admits that Ms. Voss manages clerical staff at the Academy. (Mem. of P. & A. at 3.) The Academy argues, among other things, that delivery to Ms. Voss was not followed by mailing a copy to the Academy.  Rule 4(h)(1)(B) requires mailing a copy "if the agent is authorized by statute and the statute so requires."  This requirement does not apply here.  Based in the foregoing, the Academy was properly served.

Nevertheless, "[f]or good cause shown the court may set aside an entry of default . . .." Fed. R. Civ. P. 55(c).  "[D]efault judgments are generally disfavored, and whenever it is reasonably possible, cases should be decided on upon their merits." *In re Hammer*, 940 F.2d 524, 525 (9th Cir. 1991) (internal quotation marks and citation omitted).  "[A] district court's discretion is especially broad when, as in this case, it is entry of default that is being set aside, rather than a default judgment." *Brady v. United States*, 211 F.3d 499, 504 (9th Cir. 2000) (internal quotation marks omitted).

/ / / / /

The Academy argues that it demonstrated it intended to defend this action because it attempted to file an answer and promptly moved to set aside default when it received notice that default had been entered.

> The "good cause" standard that governs vacating an entry of default under Rule 55(c) . . . considers three factors:
> (1) whether [the defendant] engaged in culpable conduct that led to the default; (2) whether [the defendant] had a meritorious defense; or (3) whether reopening the default judgment would prejudice [the plaintiff]. As these factors are disjunctive, the district court [may] deny the motion if any of the three factors [is] true.

*Franchise Holding II, LLC v. Huntington Rest. Group, Inc.*, 375 F.3d 922, 925-26 (9th Cir. 2004) (internal quotation marks and citations omitted). The defendant bears the burden of showing that any of the factors favors setting aside default. *Id*. at 926.

"If a defendant has received actual or constructive notice of the action and failed to answer, its conduct is culpable." *Id*. (internal quotation marks and citations omitted). Whether failure to answer was due to excusable neglect "largely overlaps with the issue of culpability." *Id*. at 927. The Academy attempted to file an answer on December 8, 2009. On December 10, the answer was rejected as untimely and because it was not electronically filed. (Doc. no. 34.) The Academy's counsel explains that the answer was late due to a misunderstanding regarding the date of service. (*See* Decl. of Patrick Herman.) The court finds that the Academy's failure to properly file a complaint was due to excusable neglect. Furthermore, its unsuccessful attempt to file an answer demonstrates that the Academy intended to defend itself in this action. A default judgment could therefore not properly be entered against it. *See Franchise Holding*, 375 F.3d at 927-28.

As to the second factor, the defendant must present specific facts that would constitute a defense. *Id.* at 926. The Academy includes a Rule 12(b)(6) motion in its motion to set aside default,[2] and argues at length that the complaint is barred by the statute of limitations and
/ / / / /

---

[2] The Academy did not reserve a hearing date for a 12(b)(6) motion as required by Civil Local Rule 7.1. Therefore, the court does not express any opinion of the merits of the Academy's motion to dismiss at this time.

Eleventh Amendment immunity. Accordingly, the Academy made a sufficient showing that it may have a meritorious defense to the action.

Last, the Academy argues that Plaintiff will not be prejudiced because the instant motion was filed shortly after receiving notice that default had been entered. Default was entered on December 9, 2008 and the instant motion was filed on December 16. Although Plaintiff opposed the instant motion, he did not argue that setting aside default would prejudice him.

For the foregoing reasons, the motion to set aside default as to Defendants Guayome Park Academy, Incorporated, erroneously named as Guayome Park Academy Charter School, and Board of Trustees of Guayome Park Academy is **GRANTED**. These Defendants shall file an answer or otherwise respond to the complaint no later than **August 17, 2009**.

**IT IS SO ORDERED**.

DATED: August 6, 2009

M. James Lorenz
United States District Court Judge

COPY TO:

HON. NITA L. STORMES
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL