UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RYAN PETERS, | Civil No. 08cv1657-L(NLS) |
| Plaintiff, | **ORDER GRANTING IN PART AND DENYING IN PART VISTA DEFENDANTS' MOTION TO DISMISS** |
| v. | |
| BOARD OF TRUSTEES OF THE VISTA UNIFIED SCHOOL DISTRICT, *et al*. | |
| Defendants. | |

Plaintiff filed a complaint alleging violations of his constitutional and statutory rights under federal and California law while he was a student at Guayome Park Academy Charter School and Vista Unified School District.[1] Defendants Board of Trustees of the Vista Unified School District, Vista Unified School District, Jim Gibson, David Hubbard, Dave Cowles and Chuck Cowles (collectively "Vista Defendants") filed a motion to dismiss the amended complaint. Plaintiff opposed the motion. For the reasons which follow, the motion is **GRANTED IN PART AND DENIED IN PART**.

Plaintiff alleged six causes of action: (1) violation of his constitutional rights under 42 U.S.C. § 1983; (2) violation of California Government Code Section 44807; (3) violation of California Constitution, Article I, Section 28; (4) violation of state and federal law based on

---

[1] Although Plaintiff filed the action *pro se*, he has since then secured representation by counsel.

racial and disability harassment and retaliation; (5) discrimination and retaliation based on disability; and (6) discrimination and retaliation based on race. It appears that Plaintiff's fourth, fifth and sixth causes of action are based on the Americans with Disabilities Act, 42 U.S.C. § 12131 *et seq.* ("ADA"), Rehabilitation Act, 29 U.S.C. § 701 *et seq.*, and Title VI of the Civil Rights Act, 42 U.S.C. § 2000d *et seq.* Plaintiff alleged that while he was a student at Guayome Park Academy Charter School and Vista Unified School District he was harassed based on his race and disability, retaliated against for complaining about harassment, and was not provided with a safe learning environment. Plaintiff requested compensatory and punitive damages.

Vista Defendants' motion is based in part on Federal Rule of Civil Procedure 12(b)(6). A Rule 12(b)(6) motion to dismiss tests the sufficiency of the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1964-65 (2007) (internal quotation marks, brackets and citations omitted). In reviewing a motion to dismiss under Rule 12(b)(6), the court must assume the truth of all factual allegations and must construe them in the light most favorable to the nonmoving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996). Legal conclusions need not be taken as true merely because they are cast in the form of factual allegations. *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987); *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). Similarly, "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. Fed. Deposit Ins. Corp.*, 139 F.3d 696, 699 (9th Cir. 1998.)

Vista Defendants argue, *inter alia*, that Plaintiff's claims are time-barred. "A motion to dismiss based on the running of the statute of limitations period may be granted only 'if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove the statute was tolled.'" *Supermail Cargo, Inc. v. United States*, 68 F.3d 1204, 1206-07

(9th Cir. 1995), quoting *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980).  The untimeliness must appear beyond doubt on the face of the complaint before a claim will be dismissed as time-barred.  *See Supermail Cargo*, 68 F.3d at 1206-07.

According to the allegations in the amended complaint, the events giving rise to this action started before February 2000 and continued until April 22, 2002, when Plaintiff's parents permanently removed him from Guayome Park Academy Charter School.[2]  (Am. Compl. at 15-21.)

The forum state's statute of limitations applies in civil rights actions under 42 U.S.C. § 1983.  *See Hardin v. Straub*, 490 U.S. 536 (1989); *Wilson v. Garcia*, 471 U.S. 261, 268-69 (1985), superseded by statute on other grounds as recognized in *Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369, 377-80 (2004).  In California, the applicable statute of limitations is two years.  Cal. Code Civ. Proc. § 335.1; *see also Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004).  The same statute applies to Plaintiff's claim under 42 U.S.C. § 2000d.  *See Taylor v. Regents of Univ. of Cal.*, 993 F.2d 710, 712 (9th Cir. 1993.)  Therefore, based on the allegations on the face of the amended complaint, the section 1983 and 2000d claims appear to be time-barred.

Plaintiff argues that the statute was tolled while his first lawsuit was pending.  On June 22, 2004 Plaintiff, as a minor filing through his mother Silvia Peters, filed a complaint in this District based on the same events.  (Defs' Ex. 7 (Peters v. Guayome Park Academy Charter School *et al.*, 04cv1259-IEG(POR)).)[3]  The complaint was dismissed on October 29, 2004.  (*Id.* Ex. 8.)  The court ruled that Mrs. Peters could not represent Plaintiff *pro se*.  The complaint was

---

[2]  Elsewhere in the Amended Complaint Plaintiff alleges he was removed from Guayome Park Academy Charter School in 2003.  (Am. Compl. at 14.)

[3]  Both sides rely on various pleadings and orders filed in Plaintiff's first lawsuit.  When ruling on a motion to dismiss, the court may consider the facts alleged in the complaint, documents attached to the complaint, documents relied upon but not attached to the complaint when authenticity is not contested, and matters of which the court takes judicial notice.  *Parrino v. FHP, Inc.*, 146 F.3d 699, 705-06 (9th Cir. 1998), superseded by statute on other grounds as stated in *Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 681 (9th Cir. 2006); *Branch v. Tunnell*, 14 F.3d 449, 453-54 (9th Cir. 1994), overruled on other grounds, *Gailbraith v. County of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002); *MGIC Indem. Co. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986).  A matter of public record outside the pleadings may be considered along with the complaint when deciding a motion to dismiss.  *See MGIC Indem.*, 803 F.2d at 504.

dismissed without prejudice, allowing Mrs. Peters to file an amended complaint *pro se* asserting only her own claims, or appear thorough counsel to assert the minor Plaintiff's claims along with her own. Alternatively, Plaintiff could assert his own claims *pro se* when he reached the age of majority. (*Id*. at 8-3.) On November 29, 2004 Mrs. Peters filed an amended complaint asserting her own claims *pro se*. (*Id*. Ex. 9.) Plaintiff was no longer named as a party to the complaint. (*Id*.) On October 26, 2006 Mrs. Peters' complaint was dismissed without leave to amend (*id*. Ex. 3) and the dismissal was affirmed on appeal (*id*. Ex. 4). On September 10, 2008 Plaintiff, no longer a minor, filed the instant action, asserting his own claims *pro se*. When he filed his amended complaint on November 4, 2008, he was 21 years old. (Am. Compl. at 2.) Pursuant to the October 29, 2004 order, the statute was tolled until Plaintiff reached the age when he had the capacity to sue on his own (Defs' Ex. 8). *See also* Cal. Code Civ. Proc. 352(a). In California that age is 18. *Johns v. County of San Diego*, 114 F.3d 874, 877-78 (9th Cir. 1997). Because Plaintiff waited more than two years after reaching the age of majority, the two-year statute of limitations has expired notwithstanding the tolling for his age.

Plaintiff next argues that 28 U.S.C. § 1367(d) tolled the statute so as to make his claims timely. Section 1367(d) provides for tolling after dismissal in federal court of supplemental state law claims. Pursuant to section 1367(a), a federal court may exercise supplemental jurisdiction over state law claims which do not independently come within original federal jurisdiction but which form part of the same Article III "case or controversy.'" *Jinks v. Richland County*, 538 U.S. 456, 458 (2003). However, not every claim within the same "case or controversy" will be decided in federal court. *Id*. at 459. Sections 1367(b) and (c) describe situations in which a federal court may or must decline to exercise supplemental jurisdiction. *Id*. Thus, some state law claims asserted under the supplemental jurisdiction provision of section 1367(a) "will be dismissed because the district court declines to exercise jurisdiction over them and, if they are to be pursued, must be re-filed state court. To prevent the limitations period on such supplemental claims from expiring while the plaintiff was fruitlessly pursuing them in federal court, § 1367(d) provides a tolling rule that must be applied in state courts." *Id*. The statute of limitations for any supplemental state law claim under section 1367(a), and any other claim in the same action that

is voluntarily dismissed at the same time or after the dismissal of the supplemental state law claim, is "tolled while the claim is pending and for the period of 30 days after it is dismissed." 28 U.S.C. § 1367(d).

Without fully articulating the argument, Plaintiff apparently relies on section 1367(d) because the appeal of the first lawsuit was decided on August 7, 2008, approximately 30 days before the instant action was filed. (*See* Defs' Ex. 4.) Section 1367(d) tolling applies when supplemental state law claims are dismissed in federal court pursuant to section 1367 (b) or (c) and then re-asserted in state court. No claims in the previous case were dismissed pursuant to section 1367. (*See* Defs' Ex. 8, 3 & 4.) Furthermore, the dismissed claims are not being re-filed in state court but in federal court. Accordingly, section 1367(d) tolling does not apply in this case.

Plaintiff also maintains that his claims are timely pursuant to the four-year catch-all statute of limitations in 28 U.S.C. § 1658. "A four-year statute of limitations governs actions arising under federal statutes enacted after December 1, 1990." *Cholla Ready Mix, Inc. v. Chuvash*, 382 F.3d 969, 974 n.5 (9th Cir. 2004). The statute applies only to those claims which were made possible by a post-December 1,1990 statute or amendment. *Id*. Plaintiff's claims asserted under 42 U.S.C. §§ 1983 and 2000d were made possible by statutes predating 1990. *Id*. at 974 & n.5. The four-year statute therefore does not apply to them. *Id*. at 974 n.5.

For the foregoing reasons, Plaintiff's section 1983 and 2000d claims are barred by the statute of limitations.[4] Vista Defendants' motion to dismiss is therefore **GRANTED** in this respect.

Plaintiff's remaining federal claims are alleged under the ADA and the Rehabilitation Act. Neither statute includes its own statute of limitations. When a federal statute does not contain a statute of limitations, federal courts routinely borrow analogous statutes of limitations of the forum state. *Hardin*, 490 U.S. at 538. The California statute which could be considered

---

[4] Because Plaintiff's section 1983 claim is time-barred, the court need not address the argument that Vista Unified School District is immune from section 1983 liability under the Eleventh Amendment.

most analogous to the ADA and Rehabilitation Act is the Unruh Civil Rights Act, California Civil Code Section 51, *et seq*. *Kramer v. Regents of the Univ. of Cal.*, 81 F. Supp. 2d 972 (N.D. Cal. 1999). The longest statute of limitations which could apply to the Unruh Civil Rights act is the three-year statute of limitations in California Civil Code Section 338. *Olympic Club v. Those Interested Underwriters at Lloyd's London*, 991 F.2d 497, 502 n.11 (9th Cir. 1993); *but see W. Shield Investigations & Sec. Consultants v. Super Ct. (Eymil)*, 82 Cal.App.4th 935, 952-53 (2000); *Gatto v. County of Sonoma*, 98 Cal.App.4th 744, 754-59 (2002).

Vista Defendants assert that this action was filed more than three years after Plaintiff turned 18 on August 24, 2005. (Defs' Mem of P.&A. at 9 n.5.) However, Plaintiff's birth date is not apparent on the face of the complaint. These claims therefore cannot be dismissed as time-barred on a Rule 12(b)(6) motion to dismiss. *See Supermail Cargo*, 68 F.3d at 1206-07.

Plaintiff's claims under the ADA and Rehabilitation Act cannot be dismissed as time-barred at this stage in the case.[5] Accordingly, Vista Defendants' motion is **DENIED** as to the ADA and Rehabilitation Act claims.

With respect to Plaintiff's state law claims, Vista Defendants argue that they are time barred as to Vista Unified School District because Plaintiff did not file the action within the time provided by law after his tort claim was denied. Under California Tort Claims Act no suit for money damages can be brought against a public entity "on a cause of action for which a claim is required to be presented . . . until a written claim therefor has been presented to the public entity and has been acted upon by the board . . .." Cal. Gov't Code § 945.4. Presentation of a claim is required for money damage claims such as Plaintiff's against local public entities. *See id*. § 905. A school district such as Vista Unified School District is a local public entity for purposes of the claim presentation requirement. *See id*. §§ 900 & 900.4.

---

[5] Vista Defendants also maintain that the federal catch-all four-year statute of limitations in 28 U.S.C. § 1658 does not apply to the ADA and Rehabilitation Act claims. (Reply at 5.) Because the court finds that on the face of the complaint the claims are not time-barred under a three-year statute, the court need not reach this issue. However, should this issue become relevant in the future, Defendants must address the significance of the post-December 1, 1990 amendments to the ADA and Rehabilitation Act.

Plaintiff presented a claim to Vista Unified School District on February 6, 2004.[6] (Pl.'s Ex. 1.) The claim was rejected under California Government Code Section 912.6. (*See id.* at 7.) Notice of rejection was sent to Plaintiff on April 19, 2004 as required by section 913. (*See id.*) As required by sections 913 and 945.6, Plaintiff was given notice that he had only six months from the date the notice was personally delivered or deposited in the mail to file a lawsuit. (*See id.*) Plaintiff filed his first lawsuit on June 22, 2004 but it was dismissed on October 29, 2004, allowing Plaintiff to either re-file a complaint through an attorney or wait until he reached the age of majority to file *pro se*. (*Id.* Ex. 7 & 8.) Plaintiff waited more than two years after he reached the age of majority to re-file his claims *pro se*.

Accordingly, Plaintiff's state law claims against Vista Unified School District are time-barred. Vista Defendants' motion is **GRANTED** in this regard.

Vista Defendants also argue that the amended complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1) because Plaintiff failed to exhaust administrative remedies under the California Tort Claims Act and because his section 1983 claim was barred by Eleventh Amendment immunity. (Defs' Mem. of P.&A. at 6.) Because Plaintiff filed a tort claim and because the court does not reach the immunity issue, Vista Defendants' Rule 12(b)(1) motion is **DENIED** as moot.

Last, Vista Defendants assert that the amended complaint should be dismissed in its entirety because it does not comply with the pleading requirements of Federal Rule of Civil Procedure 8, or in the alternative, that Plaintiff should be ordered to provide a more definite statement pursuant to Rule 12(e). Rule 8(a)(2) requires a plaintiff to include in the complaint a short and plan statement of the claim for relief, necessary to provide Defendants with fair notice so as to enable them to respond. Under Rule 12(e), a party may move for a more definite statement if a pleading "is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). Although the amended complaint is not a model of brevity or

---

[6] Both sides rely on Plaintiff's tort claim documents. Records and reports of administrative agencies are matters of public record which can be judicially noticed. *Barron v. Reich*, 13 F.3d 1370, 1377 (9th Cir. 1994).

clarity, it is not unduly vague.  As evidenced by Vista Defendants' motion to dismiss, the amended complaint is sufficiently specific to enable a defendant to respond.  Accordingly, to the extent they seek dismissal under Rule 8 or a more definite statement under Rule 12(e), Vista Defendants' motion is **DENIED**.

For the foregoing reasons, Vista Defendants' motion is **GRANTED IN PART AND DENIED IN PART.**  Plaintiff's claims based on 42 U.S.C. §§ 1983 and 2000d are **DISMISSED** as time-barred.  Plaintiff's state law claims are **DISMISSED** as time-barred as to Defendant Vista Unified School District only.  In all other respects, Vista Defendants' motion is **DENIED**.

**IT IS SO ORDERED**.

DATED: August 11, 2009

M. James Lorenz
United States District Court Judge

COPY TO:

HON. NINA L. STORMS
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL