1
2
3
4
5
6
7
8                        UNITED STATES DISTRICT COURT

9                       SOUTHERN DISTRICT OF CALIFORNIA

10

11   RYAN PETERS,                        )   Civil No. 08cv1657-L(NLS)
                                         )
12                  Plaintiff,           )   **ORDER GRANTING GUAJOME**
                                         )   **ENTITY DEFENDANTS' MOTION**
13   v.                                  )   **TO DISMISS AND DISMISSING**
                                         )   **PLAINTIFF'S AMENDED**
14   BOARD OF TRUSTEES OF THE VISTA      )   **COMPLAINT**
     UNIFIED SCHOOL DISTRICT, *et al*.   )
15                                       )
                    Defendants.          )
16   _____)

17          Plaintiff filed a complaint alleging violations of his constitutional and statutory rights

18   under federal and California law while he was a student at Guayome Park Academy Charter

19   School and Vista Unified School District.[1]  Defendants Board of Trustees of Guajome Park

20   Academy and Guajome Park Academy Board Charter School (collectively "Guajome Entity

21   Defendants") filed a motion to dismiss the amended complaint.  Defendants Board of Trustees of

22   the Vista Unified School District, Vista Unified School District, Jim Gibson, David Hubbard,

23   Dave Cowles and Chuck Cowles (collectively "Vista Defendants") joined in Guajome Entity

24   Defendants' motion.  Plaintiff opposed the motion.  For the reasons which follow, the motion is

25   **GRANTED** and this action is **DISMISSED**.

26          Plaintiff alleged six causes of action:  (1) violation of his constitutional rights under 42

27

28          [1]    Although Plaintiff filed the action *pro se*, he has since then secured representation
     by counsel.

                                                                                        08cv1657

U.S.C. § 1983; (2) violation of California Government Code Section 44807; (3) violation of California Constitution, Article I, Section 28; (4) violation of state and federal law based on racial and disability harassment and retaliation; (5) discrimination and retaliation based on disability; and (6) discrimination and retaliation based on race.  It appears that Plaintiff's fourth, fifth and sixth causes of action are based on the Americans with Disabilities Act, 42 U.S.C. § 12131 *et seq.* ("ADA"), Rehabilitation Act, 29 U.S.C. § 701 *et seq.*, and Title VI of the Civil Rights Act, 42 U.S.C. § 2000d *et seq.*  Plaintiff alleged that while he was a student at Guayome Park Academy Charter School and Vista Unified School District he was harassed based on his race and disability, retaliated against for complaining about harassment, and was not provided with a safe learning environment.  Plaintiff requested compensatory and punitive damages.  On August 11, 2009 the court dismissed Plaintiff's claims based on 42 U.S.C. §§ 1983 and 2000d as time-barred.

Guajome Entity Defendants seek to dismiss the remaining claims.  Their motion is based on Federal Rule of Civil Procedure 12(b)(6).  A Rule 12(b)(6) motion to dismiss tests the sufficiency of the complaint.  *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.  Factual allegations must be enough to raise a right to relief above the speculative level."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks, brackets and citations omitted).  In reviewing a motion to dismiss under Rule 12(b)(6), the court must assume the truth of all factual allegations and must construe them in the light most favorable to the nonmoving party.  *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996).  Legal conclusions need not be taken as true merely because they are cast in the form of factual allegations.  *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987); *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).  Similarly, "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss."  *Pareto v. Fed. Deposit Ins. Corp.*, 139 F.3d 696, 699 (9th Cir. 1998).

Guajome Entity Defendants argue that Plaintiff's claims based on the ADA and the Rehabilitation Act are time-barred. "A motion to dismiss based on the running of the statute of limitations period may be granted only 'if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove the statute was tolled.'" *Supermail Cargo, Inc. v. United States*, 68 F.3d 1204, 1206-07 (9th Cir. 1995), quoting *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980). The untimeliness must appear beyond doubt on the face of the complaint before a claim will be dismissed as time-barred. *See Supermail Cargo*, 68 F.3d at 1206-07.

According to the allegations in the amended complaint, the events giving rise to this action started before February 2000 and continued until April 22, 2002, when Plaintiff's parents permanently removed him from Guayome Park Academy Charter School.[2] (Am. Compl. at 15-21.) Neither the ADA nor the Rehabilitation Act, the only remaining federal claims, includes its own statute of limitations. When a federal statute does not contain a statute of limitations, federal courts routinely borrow analogous statutes of limitations of the forum state. *Hardin v. Straub*, 490 U.S. 536, 538 (1989). The California statute which could be considered most analogous to the ADA and Rehabilitation Act is the Unruh Civil Rights Act, California Civil Code Section 51, *et seq. Kramer v. Regents of the Univ. of Cal.*, 81 F. Supp. 2d 972 (N.D. Cal. 1999). The longest statute of limitations which could apply to the Unruh Civil Rights act is the three-year statute of limitations in California Civil Code Section 338. *Olympic Club v. Those Interested Underwriters at Lloyd's London*, 991 F.2d 497, 502 n.11 (9th Cir. 1993); *but see W. Shield Investigations & Sec. Consultants v. Super Ct. (Eymil)*, 82 Cal.App.4th 935, 952-53 (2000); *Gatto v. County of Sonoma*, 98 Cal.App.4th 744, 754-59 (2002).

The statute of limitations was tolled until Plaintiff reached the age of majority, which in California is 18 years of age. (*See* discussion in the Aug. 11, 2009 order at 3-4 and authorities cited therein.) Guajome Entity Defendants assert that this action was filed more than three years after Plaintiff turned 18. Although Plaintiff's birth date is not alleged in the amended complaint,

---

[2]   Elsewhere in the Amended Complaint Plaintiff alleges he was removed from Guayome Park Academy Charter School in 2003. (Am. Compl. at 14.)

1   the amended complaint references Dr. Jeanne Feldman's November 17, 1997 evaluation, which

2   identifies Plaintiff's date of birth as August 24, 1987.  (Am. Compl. at 9 & Guajome Entity

3   Defs' Ex. 1.)  When ruling on a motion to dismiss, the court may consider documents referenced

4   in but not attached to the complaint when authenticity is not contested.  *Branch v. Tunnell*, 14

5   F.3d 449, 453-54 (9th Cir. 1994), overruled on other grounds, *Gailbraith v. County of Santa*

6   *Clara*, 307 F.3d 1119 (9th Cir. 2002); *In re Stac Elec. Sec. Litig.*, 89 F.3d 1399, 1405 n.4 (9th

7   Cir. 1996).  Plaintiff does not contest the authenticity of Dr. Feldman's evaluation or dispute that

8   his date of birth is August 24, 1987.  Accordingly, more than three years passed between the date

9   of Plaintiff's majority and the filing of this action.

10          Plaintiff argues that California's three-year statute of limitations does not apply and that

11  his claims are timely pursuant to the four-year catch-all federal statute of limitations, 28 U.S.C. §

12  1658.  The federal statute provides in pertinent part:

13          Except as otherwise provided by law, a civil action arising under an Act of
        Congress enacted after the date of the enactment of this section may not be
14          commenced later than 4 years after the cause of action accrues.

15  28 U.S.C. § 1658(a).  Plaintiff's ADA and Rehabilitation Act claims are timely if they are

16  subject to the four-year statute of limitations.  The statute applies if the claims arose under an

17  Act of Congress enacted after December 1, 1990.  *Jones v. R.R. Donnelley & Sons Co.*, 541 U.S.

18  369, 372 (2004).  Plaintiff maintains that his claims arise under the ADA Amendments Act of

19  2008, Pub. L. No. 110-325.  The claims, however, are based on events occurring prior to 2003 –

20  years before the enactment of the ADA Amendments Act of 2008.  The act does not apply to

21  Plaintiff's claims because it is not retroactive.  *Becerril v. Pima County Assessor's Office*, __

22  F.3d __, 2009 WL 4067450 (9th Cir. 2009).

23          Because Plaintiff's ADA and Rehabilitation Act claims do not arise under the ADA

24  Amendments Act of 2008, California's three-year statute of limitations applies.  As discussed

25  above,  the claims are barred because the action was commenced after the expiration of the

26  three-year statute.  Accordingly, the ADA and Rehabilitation claims are **DISMISSED** as time-

27  barred.

28          With all claims arising under federal law dismissed as time-barred, the only claims

4

remaining are state law claims.  Guajome Entity Defendants contend that state law claims against them are barred because Plaintiff did not commence this action within the time provided by law for tort claims against public entities.  They argue that Guajome Park Academy Charter School, as a charter school, is a part of the California public school system.  *See Wilson v. State Bd. of Educ.*, 75 Cal. App. 4th 1125 (1999); Cal. Educ. Code § 47641.  Plaintiff does not dispute this.  Accordingly, to the extent Guajome Park Academy Charter School is a public entity under California law, Plaintiff's state law claims against Guajome Entity Defendants are **DISMISSED** as time-barred for the reasons stated in the August 11, 2009 Order Granting in Part and Denying in Part Vista Defendants' Motion to Dismiss.

To the extent any state law claims remain, the court declines to exercise supplemental jurisdiction over them.  28 U.S.C. § 1367(c).  They are **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

For the foregoing reasons, this action is hereby **DISMISSED** in its entirety.

**IT IS SO ORDERED**.

DATED:  December 7, 2009

_____
M. James Lorenz
United States District Court Judge

COPY TO:

HON. NITA L. STORMES
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL

5

08cv1657