UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RYAN PETERS, | Civil No. 08cv1657-L(NLS) |
| Plaintiff, | **ORDER DENYING PLAINTIFF'S MOTION TO RECONSIDER** |
| v. | |
| BOARD OF TRUSTEES OF THE VISTA UNIFIED SCHOOL DISTRICT, *et al*. | |
| Defendants. | |

In this civil rights case arising in the educational context, pending before the court is Plaintiff's motion to reconsider. On August 11, 2009 the court granted in part a motion to dismiss filed by a group of Defendants associated with Vista Unified School District ("Vista Defendants"). On December 7, 2009 the court granted a motion to dismiss brought by Defendants associated with Guajome Park Academy in which Vista Defendants had joined. For the reasons discussed in the two orders, all of Plaintiff's claims were barred by the applicable statutes of limitations. Judgment for Defendants was entered on December 7, 2009. On December 16, 2009 Plaintiff filed a notice of appeal. On January 11, 2010 Plaintiff filed a motion to reconsider. Plaintiff does not specify whether he is proceeding under Federal Rule of Civil Procedure 59 or 60.

Generally, once a party files a notice of appeal, the district court is divested of jurisdiction over any matter which is the subject matter of the appeal. *Griggs v. Provident Consumer*

*Discount Co.*, 459 U.S. 56, 58 (1982). Although Plaintiff, proceeding *pro se*,[1] does not identify which order he is requesting the court to reconsider, it appears that he seeks reconsideration of the dismissal of his case generally. The Notice of Appeal states that "Plaintiff will be appealing any and all claims." (Notice of Appeal at 2.) It therefore appears that the subject of Plaintiff's motion to reconsider and his appeal is the same, and that under the general rule the court was divested of jurisdiction when Plaintiff filed a notice of appeal.

An exception to the general rule is provided in Rule 4(a)(4) of the Federal Rules of Appellate Procedure, which provides that in enumerated circumstances a district court retains the power to alter or amend judgment when a notice of appeal has been filed. *Griggs,* 459 U.S. at 59-60. Rule 4(a)(4) tolls the date when the notice of appeal takes effect until the district court rules on a "motion listed in Rule 4(a)(4)(A)." Fed. R. Civ. Proc. 4(a)(4)(B)(i). This exception applies to a motion under Federal Rule of Civil Procedure 60, if the motion is filed no later than 28 days after the judgment is entered, or under Rule 59. Fed. R. App. P. 4(a)(4)(A)(v)&(vi); *see also Resolution Trust Corp. v. Keating*, 186 F.3d 1110, 1113 n.1 (9th Cir. 1999), citing *Griggs*, 459 U.S. at 61.

Plaintiff does not specify whether he seeks relief under Rule 59(e), which allows for a motion to alter or amend judgment, or under Rule 60(b), which provides for relief from a final judgment or order. A Rule 59 motion must be filed no later than 28 days after the entry of judgment. With respect to Rule 60 motions, the court retains jurisdiction only over motions filed no more than 28 days after entry of judgment. The 28-day time period expired on January 4, 2010. Plaintiff's motion, which was filed on January 11 is therefore denied as untimely.

In the alternative, the motion is denied on the merits. Rule 59(e) "offers an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enter., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (internal quotation marks omitted). A Rule 59(e) motion "should not be granted absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed

---

[1] Plaintiff's counsel withdrew on January 14, 2010.

clear error, or if there is an intervening change in the controlling law." *389 Orange Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999). Plaintiff does not rely on any newly discovered evidence or change in controlling law, and he does not point to any clear error in the finding that his claims are time barred. All the arguments asserted in support of his motion to reconsider either were already asserted in opposition to Defendants' motions to dismiss or could have been asserted at that time. Plaintiff therefore did not present any grounds for relief under Rule 59(e).

Rule 60(b) provides the following grounds for relief from a final judgment or order:

(1) mistake, inadvertence, surprise, or excusable neglect;
(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
(4) the judgment is void;
(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
(6) any other reason that justifies relief.

Plaintiff does not specify on which of the six grounds he is relying. If the motion is construed as based on a Rule 60(b)(1) mistake by the court, Petitioner must show that the court committed a specific error. *Straw v. Bowen*, 866 F.2d 1167, 1172 (9th Cir. 1989). Plaintiff restates some of the legal arguments he advanced in opposition to the motions to dismiss and which the court rejected. Plaintiff does not provide any grounds to find the previous orders in error. Plaintiff also does not point to any evidence discovered after his last opportunity for briefing so as to justify relief under Rule 60(b)(2). Because Plaintiff does not raise any grounds which could fall under Rule 60(b)(3) through (5), the court also considers his motion under Rule 60(b)(6), the only remaining ground which could potentially apply. "[C]lause (6) acts as a catch-all allowing the court to grant relief for 'any other reason justifying relief from the operation of the judgment.'" *Hamilton v. Newland*, 374 F.3d 822, 825 (9th Cir. 2004), quoting Fed. R. Civ. P. 60(b)(6). This provision has been "used sparingly and as an equitable remedy to prevent manifest injustice." *Id*. (internal quotation marks and citation omitted). A party is entitled to relief under Rule 60(b)(6) if he demonstrates "extraordinary circumstances" to justify relief. *Straw*, 866 F.2d at 1172. Plaintiff does not point to any extraordinary circumstances justifying

1 | relief from the judgment.  As noted above, Plaintiff presents only arguments which he either
2 | already raised in opposition to the motions to dismiss or which he could have raised at that time.
3 | Plaintiff therefore did not present any grounds for relief under Rule 60(b).

4 |     For the foregoing reasons, Plaintiff's motion to reconsider is **DENIED**.

5 |     **IT IS SO ORDERED**.

7 | DATED: May 12, 2010

8 |                                                      M. James Lorenz
9 |                                                      United States District Court Judge

COPY TO:

HON. NITA L. STORMES
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL